# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs June 26, 2013

## MICHAEL GIBBS, JR. v. STATE OF TENNESSEE, ET AL.

### Appeal from the Circuit Court for Morgan County
### No. 12-CR-152      E. Eugene Eblen, Judge

### No. E2012-02690-CCA-R3-HC - Filed July 29, 2013

Petitioner, Michael Gibbs, Jr., filed a petition for writ of habeas corpus in the Morgan County Circuit Court, claiming that his sentence was expired and that he was being illegally restrained. The State filed a motion to dismiss on the grounds that petitioner failed to comply with the statutory requirements governing petitions for writ of habeas corpus. The habeas corpus court granted the State's motion and summarily dismissed the petition. Following our review, we affirm the judgment of the habeas corpus court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

ROGER A. PAGE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Michael Gibbs, Jr., Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Attorney General and Reporter; John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

#### I. Facts and Procedural History

In October 2002, Petitioner entered guilty pleas in two separate cases (#241437 and #241598) to two counts of theft, one count of burglary, and one count of burglary of an automobile. He received an effective four-year suspended sentence. The sentences were revoked for a probation violation on June 16, 2003. Petitioner was ordered to serve eleven months and twenty-nine days, and he was again placed on probation. The record reflects that petitioner failed to appear in court on July 6, 2004, and his probation was revoked yet again on September 27, 2004. On January 1, 2005, he entered guilty pleas in case #251944 to being an habitual motor vehicle offender and failure to appear. He received a sentence of six

years to be served at sixty percent release eligibility. The judgment forms for the two convictions in #251944 reflected that Count 1 (habitual motor vehicle offender) was to be served concurrently with Count 4 (failure to appear) but was silent as to concurrent or consecutive alignment with the sentences imposed for violating the terms of his probation in the previous cases.

Petitioner filed the instant petition for writ of habeas corpus on November 1, 2012. He alleges that despite the trial court's notation on the judgment form for # 251944 that his six-year sentence was to be served concurrently, the Tennessee Department of Correction ("TDOC") erred and computed his "full expiration date" by applying consecutive sentence alignment. He also claims that TDOC failed to apply behavioral credits or program credits[1] to his sentence calculation and that it failed to apply jail credit from January 1, 2005, through December 16, 2006 (for # 251944), to his sentences for #241437 and #241598. He further argues that the "full expiration date" for his sentence has been changed several times without cause. Finally, petitioner asserts that by his calculation, he served twenty-four months in TDOC from January 2005 through December 2006; he served from March 2009 through March 2011, another twenty-four months; and he was on parole from March 2011 through August 2012, resulting in five years and five months of service. That time, plus the credits that he claims he was denied, would render his six-year sentence expired.

The petition was filed without supporting documentation; therefore, the State moved for a summary dismissal, which the trial court granted on November 29, 2012. However, during the time between the State's filing and the trial court's order, petitioner filed two motions to amend his petition and supplemented them with exhibits.

## II. Analysis

### A. Standard of Review

"The grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable

---

[1] We note that "claims 'relative to the calculation of sentencing credits and parole dates' must be reviewed pursuant to the Uniform Administrative Procedures Act rather than via a petition for writ of habeas corpus." *Tucker v. Morrow*, 335 S.W.3d, 116, 122 (Tenn. Crim. App. 2009) (quoting Tenn. Code Ann.§ 41-21-236(a)(2)(C) (2006)).

-2-

conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109 (2000); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

For a petition for a writ of habeas corpus to issue, Tennessee Code Annotated section 29-21-107 requires compliance with the following:

(a)     Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b)     The petition shall state:

   (1)     That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

   (2)     The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

   (3)     That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4)     That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

The procedural mandates for habeas corpus petitions are mandatory and must be scrupulously met. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas corpus petition may be denied for failure to strictly comply with the requirements of the statute. *Hickman*, 153 S.W.3d at 21.

### B. Summary Dismissal

We first address whether summary dismissal of the petition was proper. In the instant case, we note that petitioner's first filing did not include a copy of the legal process or judgment form under which he is being restrained, as required by Tennessee Code Annotated section 29-21-107. Nor did it state whether this was his first or subsequent petition for habeas corpus relief. For these reasons, the habeas corpus court did not err in summarily dismissing the first petition for writ of habeas corpus because petitioner failed to comply with the statutory mandates.

The habeas corpus court did not issue an order disposing of petitioner's amended petition. This court is without original jurisdiction to consider the amendment and rule on its merits. *See* Tenn. Code Ann. §§ 29-21-103 (2000) (conferring original habeas corpus jurisdiction on circuit, criminal, or chancery courts). Because there is no ruling on the subsequent petition, this court lacks jurisdiction to consider it on appeal. For these reasons, we affirm the judgment of the habeas corpus court summarily dismissing petitioner's original petition.

### CONCLUSION

Based upon our review of the record, the briefs of the parties, and the applicable law, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ROGER A. PAGE, JUDGE